******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

DAVID CROUZET *v.* FIRST BAPTIST CHURCH
OF STONINGTON ET AL.
(SC 20545)

Robinson, C. J., and McDonald, D'Auria, Mullins,
Kahn and Ecker, Js.*

Argued February 17—officially released April 26, 2022

*Procedural History*

Action to recover damages for environmental contamination of certain of the plaintiff's real property, and for other relief, brought to the Superior Court in the judicial district of New London, and tried to the court, *Hon. Joseph Q. Koletsky*, judge trial referee, who, exercising the powers of the Superior Court, rendered judgment for the defendants, from which the plaintiff appealed to the Appellate Court, *Lavine* and *Bright*, *Js.*, with *Prescott, J.*, dissenting, which reversed the trial court's judgment and remanded the case for a new trial, and the defendants, on the granting of certification, appealed to this court. *Appeal dismissed.*

*Proloy K. Das*, with whom, on the brief, were *Benjamin H. Nissim*, *Leonard M. Isaac*, and James J. *Nugent*, for the appellants (defendants).

*Eric J. Garofano*, with whom was *Thomas J. Londregan* and, on the brief, *Ralph J. Monaco*, for the plaintiff (appellee).

*Opinion*

PER CURIAM. The plaintiff, David Crouzet, brought this action against the defendants, First Baptist Church of Stonington and Second Congregational Church of Stonington, alleging that fuel oil had leaked from an underground storage tank that previously had been located on the defendants' property onto the plaintiff's property, thereby contaminating it. The case was tried to the court, which concluded that a "secondary source" for the oil contamination existed on the plaintiff's property and, therefore, that the plaintiff had failed to prove its case. Accordingly, the trial court rendered judgment for the defendants. The plaintiff appealed to the Appellate Court, claiming that the trial court's finding that there was a secondary source for the oil contamination was clearly erroneous and that, even if that finding was supported by the evidence, that would not mean that the plaintiff failed to prove that the oil tank on the defendants' property was the *primary* source of the contamination. *Crouzet* v. *First Baptist Church of Stonington*, 199 Conn. App. 532, 553–54, 239 A.3d 321 (2020). The Appellate Court agreed with the plaintiff and reversed the judgment of the trial court and remanded the case for a new trial. Id., 555, 559–60, 562. We then granted the plaintiff's petition for certification to appeal, limited to the following issue: "Did the Appellate Court, on the record in this case, properly reverse the judgment of the trial court rendered in favor of the defendants on the grounds that (1) the trial court committed clear error in finding that a secondary source was responsible for the contamination of the plaintiff's property, and (2) even if there had been a secondary source of contamination, the presence of that secondary source does not mean that the plaintiff failed to prove that the defendants' oil tank contaminated [the] property?" *Crouzet* v. *First Baptist Church of Stonington*, 335 Conn. 979, 241 A.3d 703 (2020). We conclude that certification was improvidently granted and, therefore, dismiss the appeal.

The factual background and procedural history of this case are aptly set forth in the Appellate Court's opinion, and there is no need to repeat them in detail here. See *Crouzet* v. *First Baptist Church of Stonington*, supra, 199 Conn. App. 534–53. It suffices to state that the plaintiff commenced this action against the defendants, alleging that an underground oil storage tank that previously had been located on property owned by the defendants at 48 Trumbull Avenue in Stonington had leaked and contaminated the soil next to and under the plaintiff's residence on the adjoining property at 50 Trumbull Avenue. Id., 534, 539. The plaintiff sought damages and injunctive relief. After a trial to the court, the trial court rendered judgment for the defendants. Id., 552.

The plaintiff appealed to the Appellate Court, and a majority of the court agreed with his claims. Id., 555,

559–60. But cf. id., 563, 566–67, 574 (*Prescott, J.*, dissenting). Accordingly, the Appellate Court reversed the judgment of the trial court and remanded the case for a new trial. Id., 562.

After examining the record on appeal and considering the briefs and arguments of the parties, we have concluded that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

\* This case originally was scheduled to be argued before a panel of this court consisting of Chief Justice Robinson, and Justices McDonald, D'Auria, Mullins, Kahn and Ecker. Although Justice Mullins was not present at oral argument, he has read the briefs and appendices, and listened to a recording of the oral argument prior to participating in this decision.

———————————————